**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WILLIAM PLUMMER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 1:22-cv-39-SPB-RAL** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **WELLPATH, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**<u>MEMORANDUM ORDER</u>**

This *pro se* civil action was opened on February 10, 2022 and referred to United States

Magistrate Judge Richard A. Lanzillo for pretrial proceedings in accordance with the Magistrate

Judges Act, 28 U.S.C. §636(b)(1), and Local Civil Rule 72(b).  ECF No. 1.  The Plaintiff,

William Plummer, is an inmate formerly housed at the State Correctional Institution at Forest

("SCI-Forest").  His amended complaint, the operative pleading, was filed on July 25, 2022.

ECF No. 68.  Plaintiff later attempted (unsuccessfully) to further amend his claims, and his

proposed second amended complaint, though not accepted as such, has been docketed at ECF

No. 147 and construed as a supplement to the amended complaint.  *See* ECF Nos. 119, 120.

Together, these pleadings (collectively referred to as the "Amended Complaint") set forth federal

and state claims against the following fourteen individuals and two corporations, *to wit*:  Correct

Care Solutions, WellPath, Barry Eisenberg, Andrew Leslie, Robert Maxa, and William

Sutherland (collectively referred to herein as "Medical Defendants"); Jeanne Essono, Keri

Moore, Derek Oberlander, Superintendent Overmeyer, Gary Prinkey, Joseph Silva, Kim Smith,

and Dorina Varner (collectively, the "DOC Defendants"); Daniel Wecht, and Richard

Williamson.  At bottom, Plaintiff claims that these various Defendants committed medical

malpractice and/or violated his Eighth Amendment rights by displaying deliberate indifference to his serious medical needs.

Pending before the Court are motions to dismiss filed by:  Daniel Wecht ("Wecht"), ECF No. 84; Richard Williamson ("Williamson"), ECF No. 105; the Medical Defendants, ECF No. 109; and the DOC Defendants, ECF No. 121.  These motions have been briefed and are now ripe for resolution.  Also pending in this case is a motion by Wecht for summary judgment on Plaintiff's state law claim, ECF No. 143, and a motion by the Medical Defendants to strike Plaintiff's certificate of merit, ECF No. 170.  Finally, there is a recently filed motion by Plaintiff for leave to supplement his Amended Complaint.  ECF No. 185.

On January 3, 2023, Magistrate Judge Lanzillo issued an omnibus Report and Recommendation ("R&R").  ECF No. 172.  Therein, he opined that this Court should grant Defendants' Rule 12(b) motions in part and dismiss Plaintiff's Eighth Amendment deliberate indifference claims with prejudice.  Judge Lanzillo also recommended that this Court decline to exercise supplemental jurisdiction over Plaintiff's state law medical malpractice claims and allow Plaintiff to pursue that aspect of his case in state court.  Finally, Judge Lanzillo recommended that Defendant Wecht's motion for summary judgment on the state law claims be dismissed as moot.  The Magistrate Judge made no recommendations concerning the Medical Defendants' motion to strike or Plaintiff's recent motion for leave to supplement his pleadings.

Judge Lanzillo's recommendation to dismiss the Eighth Amendment claims rests on a series of legal determinations.  As to Defendants Silva and Smith, Judge Lanzillo found no averments in the Amended Complaint (including Plaintiff's supplemental pleading) that set forth their alleged misconduct; thus no basis of liability had been pled.  With respect to Defendants Overmeyer, Oberlander, Varner, and Moore, Judge Lanzillo perceived that their only alleged

involvement in this case was through the prison grievance process, which did not constitute grounds for Eighth Amendment liability. As to Defendants Essono and Prinkley, Judge Lanzillo found that Plaintiff had failed to plead their deliberate indifference to a serious medical need.

Turning to the Medical Defendants, Judge Lanzillo first concluded that no basis for *Monell* liability had been pled against WellPath or Correct Care Solutions. Next, Judge Lanzillo found that almost all the claims against the individual Medical Defendants were barred by the applicable two-year statute of limitations. One noteworthy exception pertained to Plaintiff's interaction with CRNP Leslie on March 21, 2022. But as to this incident and all others allegedly giving rise to an Eighth Amendment violation, Judge Lanzillo found that the facts pled did not establish any Medical Defendant's deliberate indifference to a serious medical need.

The Magistrate Judge next considered the Eighth Amendment claims against Defendants Wecht and Williamson. Judge Lanzillo opined that Plaintiff could not establish either Defendant's liability under 42 U.S.C. §1983 because neither Wecht nor Williamson was alleged to be a state actor. In addition, Judge Lanzillo noted that Plaintiff had not responded to Williamson's motion to dismiss; therefore, he deemed Williamson's motion unopposed. Insofar as Plaintiff was alleging a conspiracy involving Defendant Williamson, Judge Lanzillo also found that such conspiracy had been insufficiently pled.

Having determined that Plaintiff failed to state a viable §1983 claim, Judge Lanzillo recommended that the §1983 claims be dismissed with prejudice, as he considered further amendment to be futile. As noted, he recommended that the remaining claims under Pennsylvania law be dismissed without prejudice so that Plaintiff could litigate them in the appropriate state forum.

Objections to the Report and Recommendation were due to be filed no later than January 20, 2023, but that deadline was later extended to February 21, 2023.  ECF Nos. 172, 176.  Plaintiff filed timely objections on February 13, 2023.  ECF No. 180.  On February 21, 2023, the Court received Plaintiff's response to Williamson's motion to dismiss.  ECF No. 181.[1]  That same day, the Court received Plaintiff's "Motion to Fully Incorporate Plaintiff's Objections Filed on or about January 17th, 2023, with Plaintiff's Perfected Objections Herein" ("Motion to Incorporate"), along with a supporting Memorandum.  ECF Nos. 183, 184.  By separate order, the undersigned granted Plaintiff's "Motion to Incorporate" his "perfected" objections into his original objections.  See ECF No. 188.  Accordingly, the Court has fully considered all of Plaintiff's filings in response to the Magistrate Judge's Omnibus Report and Recommendation, as set forth at ECF Nos. 180, 181, 182, and 183.  The Court has also reviewed Plaintiff's recently filed motion for leave to further supplement his pleading.  ECF No. 185.  Finally, the Court has received and reviewed the responses to Plaintiff's objections that have been filed by Dr. Williamson and the Medical Defendants.  ECF Nos. 184, 187.  Based on its *de novo* review of these various submissions, the Court finds that the Magistrate Judge's recommendations are well-taken and that Plaintiff's objections lack merit.  We address the §1983-related objections below.

---

[1] Plaintiff filed a motion on February 2, 2023 requesting leave to file "another" response to Williamson's Rule 12(b) motion.  *See* ECF No. 178.  In his motion for leave, Plaintiff produced copies of cash slips showing that he had previously mailed his response to Williamson's motion in a timely manner. *See* ECF No. 178-1.  Plaintiff posited that his response had not been docketed due to an indeterminable error that had occurred in either the prison mail room/post office or in the federal courthouse.  ECF No. 178, ¶4.  By order entered that same day, Judge Lanzillo denied Plaintiff's motion but stated that, if Plaintiff wished to bring his response to this Court's attention, he should append the document to his objections. ECF No. 179.  Plaintiff did not append his response to his objections but, rather, filed his response and an accompanying memorandum as separate docket entries.  *See* ECF Nos. 181, 182.  Regardless, Plaintiff's submissions in opposition to Williamson's Rule 12(b) motion have been reviewed and considered by the undersigned, along with Plaintiff's original and "perfected" objections.  ECF No. 180, 183.

1. **Objections Relating to the DOC Defendants**

<u>Defendant Silva</u>

Among the DOC Defendants named in this case is Joseph Silva, the Director of Health Services at SCI-Forest. Judge Lanzillo observed that, while Silva was named as a Defendant, none of Plaintiff's averments pertained to him specifically; therefore, Plaintiff had pled no factual basis to establish his personal involvement in the alleged wrongdoing.  In his objections, Plaintiff purports to predicate Silva's liability on his response to an unspecified grievance which, according to Plaintiff, shows Silva's awareness of Plaintiff's serious medical condition and failure to remedy the problem.  ECF No. 180 at 10.  This argument fails because a prison official's involvement in the grievance process is an insufficient basis for establishing the necessary personal involvement for purposes of liability under §1983.  *See Curtis v. Wetzel*, 763 F. App'x 259, 263 (3d Cir. 2019) (recognizing that defendants who participated only in the denial of the plaintiff's grievances lacked the requisite personal involvement in the alleged wrongdoing); *Pumba v. Mill*er, Civil Action No. 22-2050, 2022 WL 11804036, at *6 (E.D. Pa. Oct. 20, 2022) ("[P]articipation in the grievance process does not, without more, establish involvement in the underlying constitutional violation.").

Plaintiff also objects that his efforts to establish a claim against Silva were hampered by the Judge Lanzillo's refusal to allow discovery.  But this was not error on the part of the Magistrate Judge.  First, Plaintiff concedes that he obtained the bulk of his medical records in February 2021, prior to filing suit.  He therefore possessed the means to discern Silva's involvement, if any, in the allegedly inadequate medical care which forms the gravamen of his claims.  Second, at this early stage of the litigation, Plaintiff was not entitled to formal discovery since the sufficiency of his claims depends solely on his good faith factual averments, not on

evidentiary proof.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."); '*Torah v. Emrich*, Civ. No. 20-5533, 2022 WL 4540812, at *3 n.3 (D.N.J. Sept. 28, 2022) ("Plaintiff is not entitled to discovery in order to overcome a motion to dismiss."); *Roberts v. Allwein,* No. 3:21-CV-29, 2022 WL 2073341, at *2 (W.D. Pa. June 9, 2022) (court noting that "factual investigation is not necessary to resolve the pending Motion to Dismiss . . . , and Plaintiff is not entitled to discovery at this stage in the litigation when he has failed to sufficiently plead his . . . claim.").

<u>Defendants Overmeyer, Oberlander, Varner, and Moore</u>

Plaintiff raises similar objections in relation to his claims against DOC Defendants Overmeyer, Oberlander, Varner, and Moore.  Judge Lanzillo recommended that these Defendants be dismissed from the case because their only involvement was through the grievance process which, as discussed, is an insufficient basis for personal involvement under §1983.  *See Curtis,* 763 F. App'x at 263; *Pumba,* 2022 WL 11804036, at *6.  Plaintiff objects that he was hampered in his ability to establish a supervisory liability claim against these individuals due to the lack of discovery.  Again, this argument fails, as discovery is generally not appropriate at the Rule 12 stage.  *See Iqbal*, 556 U.S. at 678–79; '*Torah*, 2022 WL 4540812, at *3 n.3; *Roberts,* 2022 WL 2073341, at *2.

<u>Defendant Essono</u>

In assessing the claim against CRNP Jean Essono, Judge Lanzillo observed that her only contact is alleged to have occurred on November 26, 2021, when Essono saw Plaintiff for complaints of severe lower back pain.  At that point, Plaintiff had already been evaluated by Drs. Wecht and Williamson, neither of whom recommended surgery to address Plaintiff's ongoing

symptoms.  According to Plaintiff's averments, Essono "was in possession of plaintiff's medical file" and was aware that he suffered from "osteoarthritis, degenerative disc disease, two herniated discs, spinal stenosis, and various diagnos[es] of nerve root compression[.]"  ECF No. 147, ¶140.  Plaintiff wanted to consult with a different neurosurgeon or orthopedic surgeon due to the fact that Dr. Wecht had documented "'no evidence of new root compression," in apparent contradiction to Plaintiff's MRI report from January 24, 2020, which "clearly states" that there was nerve root compression at L3-L4.  *Id.*  But instead of honoring Plaintiff's request for a new outside consult, Essono allegedly "intentionally ignored clinical signs of [Plaintiff's] sufferings." *Id.*  Judge Lanzillo found that these averments were insufficient to establish a plausible inference of deliberate indifference on the part of Essono.  Plaintiff disagrees, and adds in his objections that, instead of providing the requested referral, Essono merely prescribed Pamelor and recommended physical therapy, knowing these were insufficient measures to address his pain.

Having considered the issue on a *de novo* basis, the Court finds Plaintiff's objections unavailing.  For the reasons set forth in Judge Lanzillo's Report and Recommendation, the Court finds that Plaintiff's averments demonstrate his disagreement with the Defendant's medical judgment but do not establish a plausible claim of deliberate indifference to a serious medical need.  *See Williams v. Clark*, No. 22-1068, 2022 WL 1402052, at *2 (3d Cir. May 4, 2022).  Accordingly, Plaintiff's Eighth Amendment claim against Essono cannot proceed based upon the November 26, 2021 incident.

Defendant Smith

The Magistrate Judge recommended that the claim against Defendant Smith be dismissed for lack of any allegations establishing her personal involvement in the alleged wrongdoing.  In particular, Judge Lanzillo observed that neither the Amended Complaint nor its supplement

stated any factual allegation against Smith beyond noting her position as "Correctional Health Care Administrator." Plaintiff objects that this was error. He insists that Smith's involvement should be inferred from an Inmate Request form that he sent to her in March of 2021 inquiring about the perceived contradiction between his MRI reports and the reports of Drs. Williamson and Wecht concerning nerve root compression. Pointing to Smith's responsibilities as the prison health care administrator, Plaintiff argues that her deliberate indifference can be inferred from her awareness of the deficiencies in his medical care and her refusal to provide a reasonable response.

Again, these objections lack merit. Smith's receipt of an Inmate Request form does not establish her personal involvement in the alleged Eighth Amendment violation as required under §1983. *See Rieco v. Moran,* 633 F. App'x 76, 80 (3d Cir. 2015) (response to inmate request slip does not suffice to show personal involvement); *Begandy v. Wellpath*, No. 1:21-cv-213, 2022 WL 18282896, at *10 (W.D. Pa. Oct. 27, 2022) (staff member's response to inmate request slip was insufficient to show personal involvement), *report and recommendation adopted,* No. CV 21-213, 2023 WL 185206 (W.D. Pa. Jan. 13, 2023). Moreover, Smith's role as Correctional Health Care Administrator is an administrative position, not a medical one. As such, CHCA Smith "cannot be liable simply for failing to second-guess the medical judgment of Plaintiff's health care providers or for failing to dictate an alternative course of treatment." *McGinnis v. Hammer*, 2017 WL 4286420, at *12 (W.D. Pa. July 28, 2017) (citing *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993)). *See also Ascenzi v. Diaz*, 2007 WL 1031516, at *5 (M.D. Pa. Mar. 30, 2007) (holding that prison's health care administrator lacked any medical authority to dictate the course of inmate's treatment and could not be considered

deliberately indifferent for failing to second-guess the treating physician's assessment of the inmate's medical needs).  Accordingly, Plaintiff's objections are not well-taken.

Defendant Prinkey

Plaintiff also objects to the recommended dismissal of his Eighth Amendment claim against Defendant Prinkey, a Registered Nurse Supervisor.  Judge Lanzillo concluded that Plaintiff's averments against Prinkey could be viewed in two different ways.  To the extent Plaintiff was basing his claim on Prinkey's involvement in responding to an administrative grievance, Judge Lanzillo determined that the claim failed, "because 'the filing of a grievance is not sufficient to show the actual knowledge necessary for a defendant to be found personally involved in the alleged unlawful conduct.'"  ECF No. 172 at 18 (citing authority).  But to the extent Plaintiff was predicating his claim on Prinkey's substantive determination that no further testing or consultation was medically necessary to address Plaintiff's symptoms, Judge Lanzillo determined that such a claim boiled down to a mere difference of opinion about the proper course of Plaintiff's medical treatment, which is not enough to establish deliberate indifference.  *Id.* at 19 (citing authority).  In either case, Judge Lanzillo concluded that the Amended Complaint did not state a viable Eighth Amendment claim against Prinkey.

Plaintiff's objections make clear that his claim against Prinkey is based partly on Prinkey's response to Grievance Number 629905.  ECF No. 180 at 14; ECF No. 180-1 at 7.  As discussed, this document does not provide the necessary "personal involvement" that §1983 demands, notwithstanding Prinkey's supervisory title.  Plaintiff's objections also suggest that he believes Prinkey was deliberately indifferent in merely endorsing a more conservative course of treatment that included physical therapy, epidural injections, and diabetic shoes to address his various symptoms.  For the reasons explained by Judge Lanzillo, the Court agrees that Prinkey's

alleged actions in this regard do not arise to the level of deliberate indifference to a serious medical need. *See Williams,* 2022 WL 1402052, at *2 (allegations that establish a "mere disagreement as to the proper medical treatment" are insufficient to support an Eighth Amendment claim). Perhaps trying to circumvent this point, Plaintiff insists that "[t]his civil case is about the Medical Defendants concealing the fact that [Plaintiff] suffered from 'nerve root compression' which causes the symptoms complained of by [him]." ECF No. 180 at 15. But insofar as Prinkey is concerned, Plaintiff's concealment theory is belied by Prinkey's June 23, 2016 response to Grievance Number 629905, wherein Prinkey expressly recounted that a 2010 MRI study had found "a moderate to severe right foraminal encroachment on the spinal nerves . . . resulting in numbness & tingling and some weakness in [Plaintiff's] lower extremities." ECF No. 180-1 at 7. As this grievance response was published to Plaintiff, it cannot plausibly be alleged that Prinkey concealed the diagnosis of nerve root compression or its relation to Plaintiff's symptoms. Accordingly, having fully reviewed Plaintiff's objections to the R&R, the Court perceives no basis for departing from the Magistrate Judge's recommendation.

### 2. Objections Relating to the Corporate Defendants

Plaintiff's objections relative to the claims against the Corporate Defendants are similarly unavailing. As to WellPath and Correct Care Solutions, Judge Lanzillo found that Plaintiff had not pled facts to establish plausible liability under the principles set forth in *Monell v. Department of Social Services*, 436 U.S. 658 (1978). *See Dixon v. Pennsylvania Dep't of Corr.*, 2022 WL 3330142, at *7 (M.D. Pa. Aug. 11, 2022) (recognizing that *Monell*'s jurisprudence pertaining to municipal liability has been extended to civil rights claims against corporate institutions). Plaintiff objects that he was unable to assert such claims in the absence of discovery. But as discussed, Plaintiff was not entitled to obtain discovery for the purpose of

defending against a Rule 12(b)(6) motion.  *See Iqbal*, 556 U.S. at 678–79; '*Torah*, 2022 WL

4540812, at *3 n.3; *Roberts,* 2022 WL 2073341, at *2.

### 3.   Objections Relating to the Individual Medical Defendants

With respect to Defendants Eisenberg, Leslie, Maxa, and Sutherland, the Magistrate

Judge determined that nearly every aspect of Plaintiff's Eighth Amendment claim against these

Defendants was untimely, because the claim was largely predicted on events that had transpired

well outside of the two-year statute of limitations.[2]  The Magistrate Judge's analysis in this

regard accounted for periods when the statute of limitations would have been tolled as a result of

Plaintiff's efforts to exhaust his administrative remedies through the prison grievance system.

*See Wisniewski v. Fisher,* 857 F.3d 152, 158 (3d Cir. 2017).  The one treatment incident that *did*

occur within the statute of limitations period involved Plaintiff's interaction with Defendant

Leslie on March 20, 2021.  As to this incident, Judge Lanzillo found that the alleged facts could

not support a plausible inference of deliberate indifference because they established only that

Plaintiff disagreed with Leslie's medical judgment concerning the proper course of his treatment.

Plaintiff now objects to all aspects of the Magistrate Judge's analysis.

Most of Plaintiff's objections entail a "rehashing" of arguments previously considered

and rejected by the Magistrate Judge.  Plaintiff argues, for example, that the Medical Defendants

fraudulently concealed objective medical findings of nerve root compression and the causal

connection between this condition and Plaintiff's ongoing symptoms, as documented in certain

studies conducted at Kane Hospital in 2018 and 2020.  Plaintiff appears to be arguing that the

---

[2] The length of the statute of limitations for a § 1983 claim is governed by the personal injury tort law of the state where the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The statute of limitations for a § 1983 claim arising in Pennsylvania is two years. 42 Pa. Cons. Stat. § 5524(2); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 189–90 (3d Cir.1993).

statute of limitations did not begin to run until February 25, 2021 when he received the "bulk" of his medical file which, he claims, revealed the Medical Defendants' awareness of the cause of his symptoms and the fact that Dr. Williamson's and Dr. Wecht's medical findings contradicted the MRI reports.  Separately, Plaintiff objects that the "continuing violation" doctrine renders his Eighth Amendment claim timely.  Upon *de novo* review, the Court concurs with the Magistrate Judge's analysis and finds Plaintiff's arguments unavailing, essentially for the reasons expressed in the Report and Recommendation.  But Plaintiff has raised some additional points that warrant further comment.

With respect to Dr. Eisenberg, Plaintiff objects that the Magistrate Judge mistakenly determined that no grievance had been filed relative to this Defendant's involvement in Plaintiff's treatment.  To rebut this point, Plaintiff has appended Grievance Number 629905, wherein he expressed dissatisfaction with the medical treatment that Eisenberg rendered on June 10, 2016.  *See* ECF No. 183-1 at 3-6.  This grievance is relevant to the statute of limitations calculation, because the limitations period would have been tolled during the time that Plaintiff exhausted his administrative remedies.  *See Wisniewski,* 857 F.3d at 158.  Even so, Plaintiff's argument on this point does not change the outcome.  Critically, the records show that Grievance Number 629905 was filed on June 10, 2016 (the day of Dr. Eisenberg's last treatment session); the grievance was finally denied (and thereby exhausted) on November 17, 2016.  *See* ECF No. 156-3 at 22.  Plaintiff filed his complaint more than five years later, making his Eighth Amendment claim against Eisenberg patently untimely.

Plaintiff nevertheless suggests that the applicable statute of limitations should have been tolled (as to all Defendants) between April 2020 and November 2021, when access to the prison law library was substantially curtailed in connection with the Covid-19 pandemic.  By this

argument, Plaintiff appears to invoke principles of equitable tolling, which may apply "if a litigant can demonstrate (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 212 (3d Cir. 2014) (quotation marks omitted).

In this case, the Court is not persuaded that equitable tolling applies. To begin, it appears that Plaintiff's claims against Defendants Eisenberg, Sutherland, and Dr. Maxa became untimely even prior to April 2020, when the library restrictions were allegedly imposed. Furthermore, the gravamen of Plaintiff's Eighth Amendment claim is that the Medical Defendants displayed deliberate indifference to his serious medical needs by not referring him for surgery to address the nerve root compression in his lower spine. The accrual of this claim depended on Plaintiff's ability to discover facts, as opposed to principles of law. *See, e.g., Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) ("[P]ro se status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and to excuse [ ] late filing."); *Pace v. Irwin*, No. CV 22-3050, 2022 WL 17812821, at *3 n. 40 (noting that courts have not recognized lack of knowledge of the law as a valid reason for equitable tolling purposes) (E.D. Pa. Dec. 19, 2022); *Polanco v. Commonwealth*, No. 4:22-CV-00373, 2022 WL 16540079, at *2–3 (M.D. Pa. Oct. 28, 2022) (rejecting petitioner's equitable tolling argument in a case filed under 28 U.S.C. §2254 and noting that petitioner had "not explained how limited access to the prison law library prevented him from filling out a form Section 2254 petition[ ]—which does not require citation to legal authority or legal argument—and mailing it to the appropriate federal court to preserve his statute of limitations.") (footnote omitted). But to the extent Plaintiff's prosecution of his claims *did* depend on his access to legal materials, his filings indicate that he

was not entirely restricted from the library and also had the ability to request that specific legal materials be sent to his cell.  *See* ECF No. 180-1 at 22.

Moreover, Plaintiff has not demonstrated that he diligently pursued his rights in this case. His own averments and records show that he has been advocating for surgery since at least 2015 to address the alleged nerve root compression in his lower back.  *See* Amended complaint, ECF No. 68, ¶¶73-77, 81.[3]  With respect to Plaintiff's claims against CPRN Andrew Leslie, the Magistrate Judge considered Plaintiff's grievance records and concluded that the two-year filing period for any claims relating to Grievance Nos. 790330 and 921481 would have expired on May 3, 2020 and January 28, 2022, respectively.  Plaintiff has not made any showing why he could not have filed his legal claims related to Grievance No. 790330 prior to April 2020, when the library restrictions allegedly began; similarly, no explanation is given as to why Plaintiff could not have filed his legal claims related to Grievance No. 921481 between December 2021 and January 28, 2022, when the restrictions were no longer in place.  His lack of diligence precludes application of equitable tolling in this case.

Plaintiff next objects to the Magistrate Judge's alternative conclusion that he has not pled facts establishing deliberate indifference on the part of the Medical Defendants.  As Judge Lanzillo explained, Plaintiff's averments demonstrate that he received substantial medical care at SCI-Forest for his back condition over a period of many years.  This allegedly included numerous medical appointments and examinations, the prescription of medications and epidurals, physical therapy, special shoes, and referral to outside specialists.  While Plaintiff insists that the Defendants persisted in an ineffectual course of treatment, his averments do not

---

[3] *See also* the Initial Review Response to Grievance Number 599548, ECF No. 183-1 at 1-2, reflecting Plaintiff's request for surgery in November 2015 and disclosing that a 2010 lumber spine MRI showed "pressure on the nerves" at the L3-L4 region as a result of disc-related issues.

plausibly establish an unconstitutional deprivation of care.  *See Gause v. Diguglielmo*, 339 F. App'x 132, 135 (3d Cir. 2009) (Deliberate indifference standard unmet where "[Plaintiff's] medical records show that he was seen many times by the prison medical staff and received medicine, physical therapy, and even treatment outside of the prison," thus establishing that "[Plaintiff] received medical care.").  Instead, the Medical Defendants' refusal to pursue surgery for Plaintiff amounts to a difference in medical judgment or, at most, negligent conduct.  But "the mere misdiagnosis of a condition or medical need, or negligent treatment provided for a condition, is not actionable as an Eighth Amendment claim because medical malpractice standing alone is not a constitutional violation."  *Begandy,* 2022 WL 18282896, at \*6 (citing authority).  To that end, "the Third Circuit has made clear that 'there is a critical distinction 'between cases where the complaint alleges a complete denial of medical care and those alleging inadequate medical treatment.'" *Id.* (quoting *Wisniewski v. Frommer*, 751 F. App'x 192, 195-96 (3d Cir. Oct. 3, 2018)).  Here, Plaintiff's allegations fall into the latter category.  Moreover, his assertion that the Medical Defendants have rejected surgery for financial reasons is not sufficient to establish deliberate indifference.  *See Winslow v. Prison Health Services*, 406 F. App'x 671, 674 (3d Cir. 2011) ("[T]he naked assertion that Defendants considered cost in treating [plaintiff's] hernia does not suffice to state a claim for deliberate indifference, as prisoners do not have a constitutional right to limitless medical care, free of the cost constraints under which law-abiding citizens receive treatment."); *Sanders v. Centurion, LLC*, No. CV 22-826-RGA, 2022 WL 17092346, at \*4 (D. Del. Nov. 21, 2022) (plaintiff received constitutionally adequate care where he consistently received examinations, medication, diagnostic testing, and was taken to the hospital when necessary, even if cost considerations factored into the decision to change his medication).  Plaintiff's objections are therefore not well-taken.

**4.   Objections Relating to Drs. Williamson and Wecht**

Finally, Plaintiff objects to the Magistrate Judge's recommendation that the Eighth

Amendment claims against Drs. Williamson and Wecht be dismissed.  Judge Lanzillo reasoned

that the pleadings did not plausibly establish either physician's status as individuals who had

acted under color of state law; thus, they could not be held liable under §1983.  *See Kach v.*

*Hose,* 589 F.3d 626, 646 (3d Cir. 2009) ("[A] plaintiff seeking to hold an individual liable under

§ 1983 must establish that she was deprived of a federal constitutional or statutory right by a

state actor.").

On *de novo* review of the R&R, the Court finds no reason to depart from the Magistrate

Judge's recommendation.  As set forth in the Report and Recommendation, Plaintiff has not pled

facts to plausibly establish Dr. Williamson and/or Dr. Wecht as state actors.  But even if he had,

the allegations in the Amended Complaint do not plausibly show that the Defendants were

deliberately indifferent to a serious medical need.

Here, Plaintiff claims that he was seen by Dr. Williamson on three occasions in February

2017, February 2018, and March 2019.  On the first occasion, Dr. Williamson concluded that

Plaintiff's symptoms were not explained by prior MRI findings, and he referred Plaintiff for

physical training, pain management, and an EMG/NVC.  ECF No. 68 at ¶¶95- 96. Plaintiff

underwent the EMG/NVC study on March 17, 2017, *id*. at ¶¶ 99 and 102, and subsequently

received an epidural injection at the L3-L4 area, as recommended by Dr. Williamson. *Id*. at ¶103.

On June 8, 2017, Plaintiff received another epidural injection in the S1 area based on the EMG

study that had localized nerve root compression to the sacral area. *Id*. at ¶105. From August

through October 2017, Plaintiff underwent physical therapy as recommended by Dr. Williamson,

but he stopped due to "the extreme pain he felt when doing so." *Id*. at ¶¶107-108.  According to

Plaintiff, the physical therapist told him that physical therapy would be "ineffective" and that surgery was needed. *Id.* at ¶108.  On February 1, 2018 Plaintiff was again seen by Dr. Williamson, who did not conduct a physical exam on that date.  Dr. Williamson allegedly reviewed some of Plaintiff's MRI images but was not in possession of his lumbosacral images. *Id.* at ¶¶109-110.  Dr. Williamson concluded that surgery was not warranted at that time.  *Id.* at ¶109.  On December 11, 2018, Plaintiff had a video visit with neurologist Dr. Kevin Kelly, who recommended that Plaintiff be referred back to neurosurgery for re-evaluation of the imaging studies and to determine if his complaints were amenable to surgical intervention.  *Id.* at ¶¶114, 116.  Accordingly, Dr. Williamson saw Plaintiff for the third time on March 1, 2019.  *Id.* at ¶117. After reviewing Plaintiff's studies and conducting a neurological examination, Dr. Williamson reported that he did "not see any compression pathology to explain [Plaintiff's] right lower extremity symptoms," but he nevertheless recommended that Plaintiff be seen by neurology for further evaluation and management.  *Id.* at ¶¶117, 119, 120, 125, 129.  Defendant Maxa allegedly determined that the recommended evaluation was not necessary. *Id.* at ¶129.

Plaintiff complains that Dr. Williamson's report of March 1, 2019 contained significant omissions and failed to include (1) consideration of Plaintiff's osteoarthritis; (2) the correct location of Plaintiff's herniation; (3) discussion of findings related to the existence of the Hoffman's sign and correlating nerve root compression; and (4) reference to Plaintiff's second herniation at S1.  ECF 68 at ¶126.  Plaintiff alleges that these omissions either (1) were "designed to benefit the defendant WELLPATH and the defendants employed at SCI Forest by avoiding a doctor's recommendation for surgery" or (2) were evidence that Dr. Williamson "failed to exercise ordinary knowledge, skill, and care" in treating him. Id. at ¶¶ 127-128.

On February 10, 2020, Plaintiff consulted with Dr. Wecht, a different neurosurgeon affiliated with UPMC-Presbyterian.  ECF No. 68, ¶¶131-132.  Dr. Wecht found no evidence of lumbar nerve root compression, but he recommended that Plaintiff be seen by an arthritis expert to treat his arthritis pain and further recommended that Plaintiff receive an orthopedic shoe to manage the pain in his feet. *Id*. at ¶¶ 133-134, 138-139.  Plaintiff alleges, in a conclusory statement, that Dr. Wecht's finding of no evidence of lumbar nerve root compression "can only be an intentional misstatement serving as an official rubber-stamp for" SCI-Forest to not provide surgery". *Id*. at ¶ 135.  As with Dr. Williamson, Plaintiff claims that the other Defendants refused to follow Dr. Wecht's treatment recommendations.  *Id*. at ¶ 40.

When accepted as truthful, Plaintiff's averments do not establish a plausible inference of deliberate indifference.  Once Plaintiff's conclusory allegations of conspiracy are appropriately disregarded, his averments show only that Plaintiff disagrees with the medical judgments and treatments rendered by Drs. Williamson and Wecht or, at most, that those doctors rendered substandard care.  But even if Plaintiff's allegations support a plausible inference of negligence, this is insufficient to establish a viable Eighth Amendment violation. *Begandy*, 2022 WL 18282896, at *7.

In support of his objections, Plaintiff has submitted his own affidavit, dated November 1, 2022, in which he recounts statements allegedly made by Dr. Benjamin Robinson, a WellPath physician serving inmates at SCI-Coal Township, where Plaintiff is now housed.  *See* ECF No. 180-1 at 2-3.  According to this affidavit, Dr. Robinson opined during a July 2022 medical visit that Plaintiff had received insufficient medical care at SCI-Forest.  *Id.*  Dr. Robinson then attempted (unsuccessfully) to refer Plaintiff to an orthopedic surgeon.  *Id.*  Plaintiff's affidavit, which consists entirely of inadmissible hearsay statements, cannot be considered in conjunction

with the Court's Rule 12(b)(6) analysis. *See Sledge v. Martin,* No. 1:21-CV-348, 2023 WL 2332464, at *3 (W.D. Pa. Mar. 2, 2023) (discussing the proper scope of review under Rule 12(b)(6)).[4]  On the other hand, the undersigned has considered the affidavit insofar as it informs the Court's consideration of whether further amendment is warranted.  Specifically, the Court acknowledges Plaintiff's averments concerning the substance of Dr. Robinson's medical opinion. But even if Plaintiff were to incorporate these averments into an amended pleading, they would not save his Eighth Amendment claims because, at most, Dr. Robinson's opinion evidences a conflicting medical judgment which could conceivably support a claim for negligence but not deliberate indifference.

### 5.   Motion for Leave to Supplement Plaintiff's Complaint (ECF No. 185)

On February 27, 2023, the Court received Plaintiff's Motion for Leave to Supplement [His] Complaint.  ECF No. 185.  In this motion, Plaintiff again offers averments about his consultation with Dr. Benjamin Robinson on July 26, 2022 and Dr. Robinson's opinion that Plaintiff has received inadequate care, that the opinions and findings of Drs. Wecht and Williamson contradicted Plaintiff's MRI reports, and that Plaintiff should be seen by an orthopedic surgeon. *Id.*, ¶¶3-4.  Plaintiff claims that Wellpath's Medical Director for the Eastern District of Pennsylvania has denied Dr. Robinson's request for an orthopedic surgeon referral. Plaintiff further alleges that Nurse Ackerman falsified Plaintiff's medical records by falsely documenting his ability to ambulate without difficulty.  *Id.*, ¶¶6-8.  Plaintiff wishes to

---

[4] Nor could Plaintiff's affidavit be considered for purposes of a Rule 56 analysis, even if the Court were inclined to convert the pending motions into motions for summary judgment (which the Court is not inclined to do).  *See* Fed. R. Civ. P. 12(d). Under Rule 56, a Court can consider hearsay information only if it is properly reducible to admissible evidence at trial. *See Shelton v. University of Medicine & Dentistry of New Jersey,* 223 F.3d 220, 222–23 n. 2 (3d Cir. 2000); *Williams v. Borough of West Chester,* 891 F.2d 458, 466 n. 12 (3d Cir. 1989). To meet this standard, Plaintiff would need to submit an affidavit from Dr. Robinson himself, attesting to his own observations and conclusions.

supplement his pleading in order to add as new Defendants Nurse Ackerman, along with Wellpath's Medical Director for the State of Pennsylvania and its Medical Director for the Eastern District of Pennsylvania. *Id.*, ¶9. Plaintiff intends to allege, among other things, that Wellpath's medical staff persist in a course of treatment known to be ineffective relative to Plaintiff's nerve root compression. *Id.*, at ¶¶10-11. Plaintiff's intended averments concern events that transpired during a different period of time at a different state institution within in a different judicial district. His motion to amend the current pleadings will be denied, but without prejudice to Plaintiff's right to assert any new claims he intends to pursue against the aforementioned individuals in a new lawsuit, in the appropriate forum.

In sum, after *de novo* review of the operative pleading and documents in the case, including the Defendants' pending motions, Plaintiff's responses, the Magistrate Judge's Report and Recommendation, Plaintiff's objections, and the Defendants' responses thereto, the following order is entered:

NOW, this 13th day of March, 2023, IT IS ORDERED that the motion to dismiss filed by Daniel Wecht, ECF No. [84], the motion to dismiss filed by Richard Williamson, ECF No. [105], the motion to dismiss filed by the Medical Defendants, ECF No. [109], and the motion to dismiss filed by the DOC Defendants, ECF No. [121], shall be, and hereby are, GRANTED in part and DISMISSED in part, as follows:

1. Insofar as Defendants' motions to dismiss are directed at Plaintiff's Eighth Amendment claim under 42 U.S.C. §1983, the motions are GRANTED; accordingly, Plaintiff's Eighth Amendment claim under 42 U.S.C. §1983 is hereby DISMISSED with prejudice.

2. Having thus dismissed the federal claim over which it exercised original jurisdiction, the Court in its discretion will decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claim. *See* 28 U.S.C. §1367(c)(3). Consequently, IT IS ORDERED that Plaintiff's medical malpractice claim arising under Pennsylvania law shall be, and hereby is, DISMISSED without prejudice to Plaintiff's right to reassert said claim in the relevant Pennsylvania state court.[5]

3. Insofar as Defendants' motions to dismiss are directed at Plaintiff's claim arising under state law, said motions are DISMISSED without prejudice to Defendants' right to reassert their motions in the appropriate state court, as future circumstances may warrant.

IT IS FURTHER ORDERED that the Defendant Wecht's Motion for Partial Summary Judgment as to the state law claim at Count II of the amended complaint, ECF No. [143], and the Medical Defendants' Motion to Strike Plaintiff's Certificate of Merit, ECF No. [170], shall be, and hereby are, DISMISSED without prejudice to Defendants' right to reassert these motions in the appropriate state court, to the extent future circumstances may so warrant.

IT IS FURTHER ORDERED that the Report and Recommendation of Magistrate Judge Lanzillo issued on January 3, 2023, ECF No. [172], is adopted as the opinion of this Court. Plaintiff's objections to the Report and Recommendation, ECF Nos. [180] and [183], are OVERRULED.

Finally, IT IS ORDERED that Plaintiff's motion for leave to further supplement his pleading, ECF No. [185], is DENIED without prejudice to Plaintiff's right to assert his

---

[5] The Court notes that, pursuant to 28 U.S.C. §1367(d), the statute of limitations period for any state law claims "shall be tolled while the claim[s] [are] pending and for a period of 30 days after [they are] dismissed unless State law provides for a longer tolling period." Accordingly, Plaintiff should have ample time, following the Clerk's entry of this order, within which to timely reassert his state law claims in Pennsylvania court.

21

supplemental allegations in a new and separate lawsuit, which should be filed in the appropriate judicial district.

There being no further issues or claims pending before the Court in the above-captioned, case, the Clerk is directed to mark this civil action "CLOSED."

SUSAN PARADISE BAXTER
United States District Judge